**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CAT CLAWS, an Arkansas corporation                                                                PLAINTIFF

v.                                          No. 4:09CV00797 JLH

MARMALADE PET CARE, LLC, a
Washington corporation; and
BRANDON BISE, an individual                                                                      DEFENDANTS

**OPINION AND ORDER**

This action arises from a dispute between the plaintiff and defendants over patented pet furniture. In October of 2009, Cat Claws filed a complaint in this Court against Marmalade Pet Care, LLC ("Marmalade"), and Brandon Bise. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Cat Claws seeks a declaration of noninfringement of the patent for a pet bed that was designed by Bise and is marketed and sold by Marmalade. The defendants have filed a motion to dismiss for lack of personal jurisdiction. For the following reasons, the motion to dismiss is granted.

**I.**

Cat Claws is a small manufacturer of feline toys and accessories headquartered in Morrilton, Arkansas. Brandon Bise is the named inventor of a design for a pet bed, which was patented as U.S. patent number D582,611. Marmalade is a limited liability corporation organized in the State of Washington with its principle place of business in Seattle, Washington. Marmalade markets and sells the pet bed that Bise designed and claims to be the current holder of patent number D582,611. A number of retailers across the country sell Marmalade products. Marmalade also has its own website where it advertises and sells its products.

In September of 2009, Cat Claws owner William Seliskar received a letter from Marmalade's

legal counsel demanding that Cat Claws cease and desist marketing and selling a number of Cat Claws products in order to avoid infringing the D582,611 patent. The letter also claimed that Marmalade would be willing to settle the infringement dispute with Cat Claws for $60,000. On September 30, 2009, counsel for Marmalade sent another cease-and-desist letter on behalf of the company to replace the prior letter. In it, Marmalade's counsel demanded that even more of Cat Claws' product line be removed from the market and offered to settle the dispute for $80,000. After receiving this letter, Cat Claws filed suit in this Court for a declaration of noninfringement.

## II.

When personal jurisdiction is "intimately involved with the substance of the patent laws," Federal Circuit law applies. *Avocent Huntsville Corp. v. Aten Int'l*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)); *see also* 28 U.S.C. § 1295 (granting the United States Court of Appeals for the Federal Circuit exclusive jurisdiction of an appeal from a final decision of a district court relating to patents).

Because the parties have not conducted discovery, Cat Claws need only to make a prima facie showing that jurisdiction is proper. *Avocent Huntsville Corp.*, 552 F.3d at 1328-29. "As such, the pleadings and affidavits are to be construed in the light most favorable to Cat Claws]." *Id.* at 1329 (quoting *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003)); *see also Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) ("[W]here the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction. In the procedural posture of a motion to dismiss, a district court must accept the *uncontroverted* allegations in the plaintiff's complaint as true and

resolve any factual conflicts in the affidavits in the plaintiff's favor." (internal citations omitted) (second emphasis added)).

"Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Because Arkansas' long-arm statute is coextensive with the limits of due process, *see* ARK. CODE ANN. § 16-4-101, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process. *See Autogenomics, Inc.*, 566 F.3d at 1017 (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)). Due process requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Avocent Huntsville Corp.*, 552 F.3d at 1329 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

There are two possible bases for personal jurisdiction: general and specific personal jurisdiction.

> General jurisdiction, on one hand, "requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Silent Drive*, 326 F.3d at 1200 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). Specific jurisdiction, on the other hand, must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic. *Id.* (citing *Burger King*, 471 U.S. at 472-73, 105 S. Ct. 2174).

*Autogenomics, Inc.*, 566 F.3d at 1017.

Cat Claws does not allege that this Court has general personal jurisdiction over the defendants. Rather, Cat Claws argues that the Court has specific personal jurisdiction over the defendants based on the cease-and-desist letters, the sale of Marmalade products over the Internet, and Marmalade's otherwise aggressive litigation strategy against Cat Claws. To establish specific personal jurisdiction, the plaintiff must show that (1) the defendant has purposefully directed his activities at residents of the forum, and (2) the litigation results from alleged injuries that relate to those activities. *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) (citing *Burger King Corp.*, 471 U.S. at 472-73, 105 S. Ct. 2174). The Federal Circuit has held that cease-and-desist communications alone are not sufficient to establish specific personal jurisdiction. *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement."); *Silent Drive*, 326 F.3d at 1202 ("We have decided that . . . the sending of letters threatening infringement litigation is not sufficient to confer personal jurisdiction."). "Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Advocent*, 552 F.3d at 1333 (quoting *Red Wing Shoe*, 148 F.3d at 1360).

However, cease-and-desist communications combined with other relevant activities can give rise to personal jurisdiction in a declaratory judgment action. *Autogenomics, Inc.*, 566 F.3d at 1019 (listing cases in which a combination of cease-and-desist communications and other activities were sufficient minimum contacts). "[R]elevant activities are those that the defendant 'purposefully directs . . . at the forum which relate in some material way to the enforcement or the defense of the patent.'" *Id.* at 1020 (quoting *Avocent*, 552 F.3d at 1336). In other words, "only enforcement or

defense efforts related to the patent rather than the patentee's own commercialization efforts are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee." *Id.*

Here, Marmalade has not engaged in any activities in Arkansas relating to the patent dispute other than authorizing its legal counsel to send two cease-and-desist letters to the plaintiff in Arkansas. Although Marmalade advertises and sells its products online, those sales are in no way related to the enforcement or defense of the patent at issue. Based on the cases referenced above, the cease-and-desist letters are not sufficient to establish personal jurisdiction over the defendants.[1]

## CONCLUSION

For the reasons listed above, the defendants' motion to dismiss the complaint for lack of personal jurisdiction is GRANTED, and the complaint is DISMISSED.

IT IS SO ORDERED this 31st day of December, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT

---

[1] Cat Claws argues that this case is analogous to *FMC Corp. v. Hunter Engineering Co.*, 20 U.S.P.Q.2d 1077 (E.D. Ark. 1991), a case in which this Court exercised personal jurisdiction over the defendant because one percent of the defendant's nationwide sales were in Arkansas and involved products covered by the patents at issue; the defendant had contracted with distributors and service personnel in Arkansas; the defendant sent advertising mailings to Arkansas customers; and the defendant sent letters to the plaintiff in Arkansas specifically addressing the patent dispute. In that case, however, the Court did not state whether personal jurisdiction was specific or general, and it fact personal jurisdiction most likely was general. *See id.* at 1078. Even assuming the Court found specific personal jurisdiction, the facts of *FMC Corp.* are noteably different from the present case in which the defendant has not targeted sales specifically to Arkansas residents.